## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SKM RESTAURANTS, INC. d/b/a TOAD'S PLACE<br>*Plaintiff*, | ) ) ) ) | 3:22-CV-00364 (KAD) |
| v. | ) ) | |
| LEXINGTON INSURANCE COMPANY<br>*Defendant*. | ) ) | FEBRUARY 1, 2023 |

## <u>MEMORANDUM OF DECISION</u>
## <u>RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 16)</u>

Kari A. Dooley, United States District Judge:

Plaintiff SKM Restaurants, Inc. d/b/a Toad's Place, a bar and performance venue, brought this diversity action against Defendant Lexington Insurance Company, seeking insurance coverage for losses it sustained resulting from the COVID-19 pandemic and the government shutdown of its business occasioned thereby, pursuant to the terms of a commercial property and casualty insurance policy ("Policy") issued to it by Defendant. Plaintiff asserts claims for breach of contract and a breach of the duty of good faith and fair dealing. Pending before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the Policy does not provide coverage for Plaintiff's losses insofar as they were not caused by "direct physical loss or damage to" to Plaintiff's property, as required under the Policy. In response, Plaintiff argues that the plain language of the Policy provides coverage for its losses. For the following reasons, Defendant's motion to dismiss is GRANTED.

**Standard of Review**

On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor." *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021) (quotation marks, alterations, and citation omitted).

1

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), the "complaint must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal' conduct." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 556). At this stage "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Id*. "When deciding a motion to dismiss, a district court may consider documents attached to the complaint or incorporated by reference into the complaint[,] including an insurance policy referenced in the complaint." *ENT and Allergy Associates, LLC v. Cont'l Cas. Co.*, No. 3:21CV00289 (SALM), 2022 WL 624628, at *3 (D. Conn. Mar. 3, 2022) (citing *New Image Roller Dome, Inc. v. Travelers Indem. Co. of Ill*., 310 F. App'x 431, 432 (2d Cir. 2009)) (internal quotation mark omitted, alternation in original).

**Allegations**

The Court accepts as true the following facts drawn from the Complaint and the Policy, which includes a Manuscript All Risk Form ("Risk Form") and a separate Crisis Event Expense Coverage Endorsement ("Coverage Endorsement").[1]

Plaintiff is a corporation organized, incorporated and existing under the laws of Connecticut, with its principal place of business in New Haven, Connecticut. Compl. at ¶ 13.

---

[1] Plaintiff attached a copy of the Policy in its entirety to the Complaint. *See* ECF No. 1, Ex. 1 ("Policy") and Ex. 2 ("Coverage Endorsement").

Defendant is a foreign corporation organized and existing under the laws of Delaware, with a principal place of business in Boston, Massachusetts. *Id.* at ¶ 14. Plaintiff purchased the Policy from Defendant for the period of December 6, 2019 to December 6, 2020 ("Policy Period"). *Id.* at ¶ 17. Defendant issued Plaintiff an "all-risk" property damage policy, which provides coverage extending to risks not normally contemplated in the agreement. All-risk policies cover all risk of loss except for those expressly and specifically excluded or limited by the Policy. *Id.* at ¶ 21. Specifically, the Risk Form insures losses occurring during the Policy Period subject to the terms, conditions, definitions, exclusions, limitations, and provisions contained therein. *Id.* at ¶ 22.

The Policy also provided coverage for losses resulting from the interruption of Plaintiff's business. Specifically, the Policy provided coverage for "loss resulting from necessary interruption of business conducted by the Insured **and caused by direct physical loss or damage** by any of the perils covered herein." The Policy also provides coverage for such expenses as are necessarily incurred for the purpose of reducing any Business Interruption loss, as well as the excess cost necessarily incurred to continue the operation of Plaintiff's business that would not have been incurred had there been no loss or damage. *See* Policy at 11 of 54.

As of March 2020, Plaintiff had suspended its operations in whole or in part due to the COVID-19 pandemic. Plaintiff alleges it experienced direct physical loss of its property, which was necessary to protect people from serious harm during the pandemic.[2] Bars and performance venues posed greater risk during the pandemic, as patrons and staff are typically in close proximity to each other. *See* Compl. at ¶ 29. Plaintiff further alleges it incurred reasonable costs for

---

[2] Specifically, Plaintiff canceled at least twenty performances, twenty-three private parties, nine Saturday Night Dance Parties, nine Wednesday Night Yale Dance Parties and Yale's Erotica Exotica. Plaintiff alleges that each cancellation of a performance or event constitutes separate occurrences, and therefore separate losses, under the Policy. *See* Compl. at ¶¶ 31–32, 34.

emergency measures it took to protect the property from damage caused by the pandemic. *Id.* at ¶ 30. Plaintiff submitted a notice of loss to Defendant, which Defendant denied. *Id.* at ¶ 64.

**Discussion**

Plaintiff claims that it is entitled to coverage under the Policy for its COVID-19 related losses. The primary issue before the Court with respect to each of Plaintiff's claims is whether the losses Plaintiff sustained because of the COVID-19 pandemic were caused by "direct physical loss or damage" its property, as required under the Policy. Plaintiff asserts that loss of use of tangible property is "direct physical loss or damage" to the covered property for purposes of its insurance coverage.

This Court has recently had occasion to examine essentially identical policy language and to address essentially identical arguments as those advanced here. *See Great Meadow Café v. Cincinnati Ins. Co.*, 3:21-CV-00661 (KAD), 2022 WL 813796 (D. Conn. Mar. 17, 2022). In *Great Meadow,* following an overwhelming majority of courts that have also been asked to address these arguments,[3] the Court held that there was no coverage under the policy without actual physical damage to the insured property. Specifically, this Court found that the plain, ordinary meaning of

---

[3] Virtually every single federal and state appellate court decision addressing this or similar issues has held that a mere loss of use of property claim does not trigger coverage under a business insurance policy that requires "physical loss" or "physical damage." *See e.g., Farmington Village Dental Assocs., LLC v. Cincinnati Ins. Co.*, No. 21-2080-cv, 2022 WL 2062280, at *1 (2d Cir. June 8, 2022) (finding that under Connecticut law, a policy covering "accidental physical loss or accidental physical damage" to property did not cover a loss incurred as a result of the suspension of business operations during the COVID-19 pandemic because the loss was not physical). *See also BR Rest. Corp. v. Nationwide Mut. Ins. Co.*, No. 21-2100-CV, 2022 WL 1052061 (2d Cir. Apr. 8, 2022); *SA Hosp. Grp., LLC v. Hartford Fire Ins. Co.*, No. 21-1523-CV, 2022 WL 815683 (2d Cir. Mar. 18, 2022); *Deer Mountain Inn LLC v. Union Ins. Co.*, No. 21-1513, 2022 WL 598976 (2d Cir. Mar. 1, 2022); *Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 21-1323-cv, 2022 WL 120782 (2d Cir. Jan. 13, 2022); *Kim-Chee LLC v. Philadelphia Indem. Ins. Co.*, No. 21-1082-cv, 2022 WL 258569 (2d Cir. Jan. 28, 2022); *10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 21 F.4th 216, 218 (2d Cir. 2021). Consistent with these cases, District of Connecticut courts have similarly dismissed claims for COVID-19 related coverage, reasoning that "[u]nder . . . Connecticut law, 'direct physical loss' requires physical alteration of property." *Cosm. Laser, Inc. v. Twin City Fire Ins. Co*., 554 F. Supp. 3d 389 (D. Conn. 2021). *See also Dr. Jeffrey Milton, DDS, Inc. v. Hartford Cas. Ins. Co.,* 588 F. Supp. 3d 266 (D. Conn. 2022); *Conn. Children's Med. Ctr. v. Cont'l Cas. Co.*, 581 F. Supp. 3d 385 (D. Conn. 2022); *ENT & Allergy Assocs. v. Cont'l Cas. Co.*, No. 3:21CV00289 (SALM), 2022 WL 624628 (D. Conn. Mar. 3, 2022).

"physical loss" or "physical damage" unambiguously requires physical damage or physical alteration to the covered property. *See id.* at *6.

And if there was an unanswered question as to whether the federal cases relied upon were correct in applying Connecticut law, that question has now been answered. In *Conn. Dermatology Group, PC, et al. v. Twin City Fire Ins. Co. et al.,* Conn. SC 20695 (officially released January 27, 2023), relying in part on the Second Circuit Court of Appeals decision in *Farmington Village Dental, supra.,* the Connecticut Supreme Court held that because COVID-related business interruption losses were not "physical, and the virus did not tangibly alter the property," they were not covered by an all risk policy that covered "direct physical loss of or physical damage to" the insured's property. In so holding, the Supreme Court joined "the overwhelming majority of federal and state courts construing language similar or identical to the language contained in the policies at issue … [that have] reached the same conclusion." *Id.*

Here, the Policy insured against business interruption losses caused by "direct physical loss or damage" to the insured property. This language is not materially different than the language interpreted by the Supreme Court in *Twin City Fire,* or the Second Circuit and courts in this district applying Connecticut law cited above. The Court sees no meaningful basis upon which to distinguish this case from those cases. Accordingly, the Court concludes that the term "direct physical loss or damage" to property unambiguously requires actual physical damage or physical alteration to the covered property. Because Plaintiff has not alleged any facts supporting its claim that the there was a "direct physical loss or damage" to the property, Plaintiff is not entitled to coverage under the Policy.[4]

---

[4] Having found no coverage under the Policy, the Court does not address Defendant's alternative argument that the claimed losses are subject to an exclusion in the Policy. *See Yale Univ. v. Cigna Ins. Co.*, 224 F. Supp. 2d 402, 411–12 (D. Conn. 2002) ("[P]roperty insurance coverage is triggered by some threshold concept of injury to the insured property…[t]hus [Plaintiff] bears the initial burden of demonstrating that it has suffered…physical loss of or damage

Insofar as all of Plaintiff's claims are premised on the Defendant's failure to provide coverage, and insofar as the Court has determined that the Plaintiff is not entitled to coverage under the Policy, the motion to dismiss is granted in its entirety. *See, e.g., Conn. Children's Med. Ctr.*, 581 F. Supp. 3d at 393 ("[I]n the absence of any underlying breach of contract claim, the plaintiffs have no claim for breach of the implied covenant of good faith and fair dealing.").

**Conclusion**

For the foregoing reasons, the Defendant's motion to dismiss is GRANTED. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of February 2023.

                                                    */s/ Kari A. Dooley*
                                                    KARI A. DOOLEY
                                                    UNITED STATES DISTRICT JUDGE

---

to covered property…the burden then shifts…to demonstrate that [Plaintiff's] claimed losses are otherwise excluded from coverage.") (internal citations and quotations omitted).